## Case No. 8,670.

McCALL v. EVE (two cases).

[1 Cranch, C. C. 188.] [1]

Circuit Court, District of Columbia.  Nov. Term, 1804.

PENALTIES—CARRYING OFF SLAVE — KNOWLEDGE.

A master of a vessel is not liable to the penalty of the act of Virginia for carrying a slave out of the commonwealth, unless he did it knowingly.

Case, for carrying away a slave whereby the plaintiff lost his service; and debt, under the act of Virginia, of 17th December, 1792 (Rev. Code, P. & P. Ed., p. 195), for three hundred dollars penalty for carrying away the same slave.  Both actions were tried at the same time by the same jury.

Question—Whether the master of the vessel is liable to the penalty, if he did not know that the slave was on board at the time he sailed?

The facts were that the slave secreted himself in the forecastle, and was not discovered for five or six hours after the vessel had sailed; the captain landed him at St. Mary's, in Maryland, and lodged him in jail; and wrote to the owners of the vessel requesting that information might be given to the master of the slave.

Mr. Simms, for defendant.  No offence can be committed unless the party to be charged has knowledge of the fact constituting the offence.  This case is not within the letter or spirit of the law; not within the letter, because the captain did not carry the slave; the vessel carried the slave; and the carrying cannot be attributed to the captain unless it was with his knowledge.

Before KILTY, Chief Judge, and CRANCH and FITZHUGH, Circuit Judges.

FITZHUGH, Circuit Judge, contrâ.  The legislature intended to excite vigilance in captains.  Though this subject has been repeatedly before them, and this law has been reënacted, they have never made a knowledge in the exporter necessary to constitute an offence; and yet on the same subject, when speaking about harboring slaves, it is no offence without knowledge.  This discrimination shows their intention.  The same idea may be collected from acts of congress,

which in the enacting part, subject a captain to a penalty for having contraband goods, but there is a provision expressly requiring that he should know, &c.  If knowledge was always necessary to constitute an offence, why introduce this protective proviso?  The proviso proves that the legislature supposed that the bare finding contraband goods would be conclusive evidence.  But another reason why I suppose the act of assembly should be construed literally, is that slaves constitute a large proportion of our property, disposed to escape from our possession; and a disposition having been discovered in captains of vessels to aid them in their attempts, it was found necessary to impose severe penalties.

In expounding statutes. the meaning of the legislature is to be ascertained, if possible, and the mischief defeated.  The mischief intended to be remedied, was that seafaring men would secretly remove or countenance the escape of slaves without the knowledge of the owner, when it would be difficult, if not impossible, to prove that the captain took the slave on board, or knew of it.  If it was necessary expressly to prove the captain's knowledge, this offence would generally pass unpunished.  The defendant, after discovering he was on board, should have landed him in Virginia, where he could not have claimed his freedom by removal.  Stafford, King George, or Westmoreland, were as convenient as St. Mary's.  The act of assembly makes it necessary that the owner's consent should be had; the captain should therefore have seen to that; he ought not to presume the negro to have been free.  Color and law forbid it.